**STATE OF WEST VIRGINIA**

*In re* **K.D.**

**No. 18-0828** (Webster County 18-JA-15)

**FILED**

**April 19, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.D., by counsel Howard J. Blyler, appeals the Circuit Court of Webster County's August 22, 2018, order terminating her custodial rights to K.D.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Elizabeth Snead, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her an improvement period and in terminating her custodial rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2018, the DHHR filed a petition alleging that petitioner's substance abuse negatively affected her ability to parent and provide for the child.[2] The DHHR alleged that then-fifteen-year-old K.D. participated in a forensic interview wherein she disclosed that she lived with relatives since 2015 due to her parents' methamphetamine and heroin use. Further, the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]The DHHR also named petitioner's seventeen-year-old child I.D. as an infant respondent. However, that child reached the age of majority after the final dispositional hearing. As such, the termination of petitioner's custodial rights to I.D. is not addressed in this memorandum decision.

DHHR alleged that petitioner initially stated that she was no longer using controlled substances, but later admitted to substance abuse after she tested positive for methamphetamine. The DHHR initiated a seven-day protection plan in which petitioner agreed to placement of the child in the paternal grandfather's custody. Petitioner waived her preliminary hearing. Later, after petitioner admitted to certain allegations in the petition related to her substance abuse, she was adjudicated as an abusing parent. Subsequently, petitioner moved for a post-adjudicatory improvement period.

The circuit court held dispositional hearings in May of 2018 and July of 2018. Petitioner did not appear for either hearing, but was represented by counsel both times. The DHHR presented evidence that petitioner participated in drug screening and tested positive for methamphetamine in July of 2018. Further, the DHHR presented evidence that petitioner did not fully participate in parenting classes and missed multiple sessions with the provider. The circuit court found that petitioner failed to present any evidence that she would comply with the terms of an improvement period and failed to participate in a meaningful way with services offered by the DHHR. Ultimately, the circuit court found that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the foreseeable future. However, the circuit court noted that the child did not desire the termination of petitioner's parental rights and instead terminated only petitioner's custodial rights by its August 22, 2018, order. Petitioner now appeals that order.[3]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying her motion for an improvement period. Petitioner asserts that she failed only two drug screens during the

---

[3]The father's custodial rights were also terminated below. According to the parties, the permanency plan for the child is legal guardianship in her current relative foster placement.

proceedings, which should not have resulted in a denial of her improvement period. We disagree. West Virginia Code § 49-4-610(2) provides that a circuit court may grant a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period." The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . .").

The circuit court did not err in denying petitioner's motion for an improvement period because petitioner did not prove by clear and convincing evidence that she would fully participate. The evidence presented shows that petitioner did not fully participate in services provided by the DHHR. Petitioner missed parenting classes and visitations with the child. Moreover, petitioner also failed to appear for the two dispositional hearings and failed to present any evidence that she would participate in an improvement period. Although petitioner correctly states that she tested positive only twice for controlled substances during the proceedings, one of those positive results was within weeks of the final dispositional hearing. Considering petitioner's continued substance abuse, coupled with her failure to present any evidence that she would participate in an improvement period and the evidence that she did not fully participate in parenting classes, we find no error in the circuit court's decision to deny petitioner's motion for an improvement period.

Petitioner also argues that this Court has recently issued a decision which requires the DHHR to file a case plan that clearly sets forth the DHHR's position regarding the parental rights of the parents. *See In re K.B. and J.H.*, No. 18-0255, 2018 WL 6119921 (W. Va. Nov. 21, 2018)(memorandum decision). Petitioner asserts that in this proceeding the DHHR filed a case plan that included reunification as the recommended disposition. However, petitioner misstates our reasoning in *K.B.*, wherein the circuit court erred in failing to require the DHHR to file a comprehensive case plan and in permitting the DHHR to add requirements for a parent as the improvement period neared its end. *Id* at *3-4. In this case, petitioner was not granted an improvement period, and the DHHR did not attempt to add requirements to the terms of that improvement period. Therefore, our reasoning in *K.B.* is inapplicable to these proceedings.

Finally, the circuit court did not err in terminating petitioner's custodial rights. West Virginia Code § 49-4-604(b)(6) provides that circuit courts may terminate custodial rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(c)(3) provides that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which the abusing parent "ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child." The evidence discussed above supports the circuit court's finding that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future. Petitioner continued to abuse substances and did not fully participate in the services

offered by the DHHR. Additionally, petitioner offered no evidence that she would follow through with additional services if offered. Further, the child's best interests were served by the termination of petitioner's custodial rights. Petitioner admitted that her substance abuse and homelessness caused the child to live with relatives since 2015. Following the termination of petitioner's custodial rights, the child can continue to live in her relative placement and enjoy stability in that placement. Accordingly, we find no error in the circuit court's findings that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected and that termination was necessary for the welfare of the child.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 22, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  April 19, 2019


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison